**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:08-cr-00145-RCJ-PAL |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| JOHN MICHAEL BURKEY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant John Michael Burkey was indicted for his failure to register as a sex offender in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250. Burkey filed a Motion to Dismiss this count of his indictment. Magistrate Judge Peggy A. Leen issued a Report and Recommendation (#41), recommending that Burkey's Motion to Dismiss be denied. Burkey has filed Objections to the Report and Recommendation, in which he challenges the constitutionality of SORNA on nine separate grounds. (#43). The Court has considered the motions, briefs, pleadings, and oral argument on behalf of all parties and issues the following order. IT IS HEREBY ORDERED that the Magistrate Judge's Report (#41) is AFFIRMED and ADOPTED and Burkey's Motion to Dismiss (#23) is DENIED.

**I.    BACKGROUND**

In 1982, Defendant John Michael Burkey was convicted of rape and aggravated burglary. In February 2000, Burkey was adjudicated a sexual offender pursuant to Ohio Revised Code § 2950.09. Burkey was ordered to register as a sexual offender every ninety days for the rest of his life in any jurisdiction in which he resides. Burkey acknowledged his lifelong obligation to register as

1  a sex offender every ninety days by signing a form entitled Explanation of Duties to Register as a

2  Sex Offender.

3      In December 2001, Burkey was released from prison on parole.  In March 2002, Burkey was

4  imprisoned again, however, for violating parole.  In December 2006, Burkey was released again.

5  Upon his release from prison, Burkey acknowledged his duty to register as a sex offender by signing

6  another acknowledgment that he was required to register within five days of entering any Ohio

7  county or any state into which he traveled.  Burkey registered as a sex offender in Ohio pursuant to

8  O.R.C. § 2950.09 until September 6, 2007.

9      On September 25, 2007, Burkey failed to report to his parole officer and was declared

10 "absconded" from parole on September 27, 2007.  On October 10, 2007, Burkey was charged in

11 Ohio for failure to register as a sex offender.

12     On March 7, 2008, Burkey was arrested by the United States Marshal's Service in Las Vegas,

13 Nevada on a warrant issued by the Ohio court for Burkey's failure to register in Ohio.  Deputy U.S.

14 Marshals conducted an investigation and learned that Burkey had moved to Las Vegas in November

15 2007 but had not registered as a sex offender in Nevada or any other state since last registering in

16 Ohio in September 2007.  As a result, Burkey was indicted for a violation of the Sex Offender

17 Registration and Notification Act ("SORNA"), 18 U.S.C. 2250(a), for traveling in interstate

18 commerce and failing to register as a sex offender in Nevada as required by SORNA.

19     On October 22, 2008, Burkey filed a Motion to Dismiss Count I of the Indictment, arguing

20 that SORNA is unconstitutional on its face on nine separate grounds.  (#23).  First, Burkey argues

21 that his prosecution of § 2250(a) violates his right to due process because he was not on notice of

22 his obligation to register and he could not comply with SORNA's registration requirement because

23 no state had implemented a SORNA compliant registration system at the time of the alleged offense.

24 Second, Burkey states that prosecution under § 2250(a) would violate his right to due process

25 because he did not receive notice that he was required to register under SORNA.  Third, he asserts

1    that Congress lacked the power under the Commerce Clause to enact the registration requirements

2    contained in SORNA that requires persons convicted of sex offenses under state law to comply with

3    the federal registration system.  Fourth, Burkey asserts that § 2250(a) violates the Commerce Clause

4    because it lacks a necessary jurisdictional element, namely that the defendant travel in interstate

5    commerce for the purpose of failing to register under SORNA.  Fifth, Burkey argues that application

6    of SORNA's registration requirements violates the Ex Post Facto Clause of the Constitution.  Sixth,

7    Burkey asserts that SORNA violates Article I, §§ 1, 8 of the Constitution because Congress

8    impermissibly delegated the authority to decide whether the statute applies retroactively to the

9    Attorney General.  Seventh, he argues that the Attorney General's interim rule that applies § 2250(a)

10   retroactively to defendants like Burkey is invalid because the Attorney General did not comply with

11   the notice and comment provisions of the Administrative Procedure Act.  Eighth, he argues that §

12   2250(a) violates the Tenth Amendment as an unconstitutional exercise of federal power of the states.

13   Ninth, he contends that SORNA infringes his constitutional right to travel in interstate commerce.

14        On February 26, 2009, Magistrate Judge Peggy A. Leen issued a Report and

15   Recommendation (#41), recommending that Burkey's Motion to Dismiss Count I be denied.  On

16   March 13, 2009, Burkey filed Objections to the Report and Recommendation, in which he essentially

17   re-submitted his Motion to Dismiss, presenting the identical nine arguments that he did in his Motion

18   to Dismiss.

19   **II.   DISCUSSION**

20        The duties of a district court in connection with a Magistrate Judge's Report and

21   Recommendation are set forth in Rule 59 of the Federal Rules of Criminal Procedure and 28 U.S.C.

22   § 636(b)(1).  Pursuant to 28 U.S.C. § 636(b) and Rule 59 of the Federal Rules of Criminal

23   Procedure, any party may serve and file written objections within ten days after being served with

24   a copy of this Report and Recommendation. Where the parties timely object to a Report and

25   Recommendation, "[a] judge of the court shall make a de novo determination of those portions of

1   the [Report and Recommendation] or specified proposed findings or recommendations to which

2   objection is made." 28 U.S.C. § 636(b)(1).  A district court may "accept, reject, or modify, in whole

3   or in part, the findings or recommendations made by the magistrate judge." *Id.*  If specific objections

4   are not timely filed, the party's right to de novo review may be waived.  *See United States v.*

5   *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

6         A review of the documents filed by Burkey purportedly objecting to the Report and

7   Recommendation reveals that Burkey has not filed any specific objections to the Report and

8   Recommendation.  Title 28 U.S.C § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice

9   require a party to file "*specific* written objections" to the Report and Recommendation.  Rather,

10  Burkey has copied and pasted his Motion to Dismiss and recast it as Objections to the Report and

11  Recommendation.  As such, there are no *specific* objections for the Court to address.  Burkey has

12  not specifically addressed where the Magistrate Judge steered wrong in her Report and

13  Recommendation.  Instead, Burkey has chosen to summarily rely on the previously filed arguments

14  in his Motion to Dismiss.  Burkey has not provided any new argument, new evidence, or new legal

15  authority for why the Magistrate Judge's findings and conclusions were improper or wrong.  *See*

16  *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's

17  report and recommendation must specifically identify those findings objected to. Frivolous,

18  conclusive, or general objections need not be considered by the district court.").  As the Report and

19  Recommendation throughly and correctly discussed the relevant facts and law as to the

20  constitutionality of SORNA, the Court  AFFIRMS and ADOPTS the Report and Recommendation

21  and DENIES the Motion to Dismiss.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th

22  Cir. 2003) (holding that a court need not review any part of the R & R that was not the subject of a

23  specific objection).

24        Congress created the position of magistrate judges to assist district courts in discharging the

25  heavy workload of the federal judiciary.  *See* 28 U.S.C. § 636; *Thomas v. Arn*, 474 U.S. 140, 152

1  (1985) ("The Act grew out of Congress' desire to give district judges 'additional assistance' in

2  dealing with a caseload that was increasing far more rapidly that the number of judgeships.")

3  (citation omitted).  To this end, Congress expressly authorized district courts to refer matters to

4  magistrate judges for hearing, report, and recommendation.  If a party wishes to object to a specific

5  aspect of the magistrate judge's report or recommendation, then that party needs to point the district

6  court's attention to the relevant part of the magistrate judge's report and recommendation that is in

7  question.  If a party, however, were able to invoke a district court's de novo review by simply

8  spitting out its initial motion to the district court, which motion has already been thoroughly

9  considered by the magistrate judge, the purposes of the Federal Magistrate Act would be flouted.

10  For this reason, numerous circuits have held that the failure to raise specific objections to a report

11  and recommendation is no different than the failure to serve any objection at all.  *See Goney v.*

12  *Clark*, 749 F.2d 5, 7 (3d Cir. 1984) (stating that word-for-word review of magistrate's report due to

13  general objections would undermine judicial efficiency); *Lockert v. Faulkner*, 843 F.2d 1015, 1019

14  (7th Cir. 1988) ("Just as a complaint stating only 'I complain' states no claim, an objection stating

15  only 'I object' preserves no issue for review."); *Howard v. Sec. of Health & Human Servs.*, 932 F.2d

16  505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same

17  effect as would a failure to object.  The district court's attention is not focused on any specific issues

18  for review, thereby making the initial reference to the magistrate useless."); *United States v. One*

19  *Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (adopting the rule of *Goney*, *Lockert*, and

20  *Howard*).

21          Furthermore, this Court has previously conducted a de novo review of the identical nine

22  arguments that Burkey has raised in this case as to the constitutionality of SORNA.  *See United*

23  *States v. Benevento*, No. 2:07-cr-136-RCJ-PAL.  In that case, the Court concluded that SORNA

24  withstands the facial attacks made by Burkey here.  (#86).  Specifically, the Court made a de novo

25  determination and accepted the Magistrate Judge's conclusions that (1) Nevada's failure to

implement a SORNA compliant registration system does not preclude prosecution for failing to register as a sex offender under SORNA; that (2) prosecution for a violation of 18 U.S.C. § 2250(a) does not deprive an offender of his due process rights to fair notice; (3) that SORNA is a valid exercise of Congress's Commerce Clause power; (4) that SORNA does not violate the Ex Post Facto Clause of the Constitution; (5) that SORNA does not violate the non-delegation doctrine; (6) that the Attorney General did not violate the Administrative Procedure Act when promulgating an interim rule without prior notice or comment; (7) that § 2250 does not violate the Tenth Amendment; and (8) SORNA does not violate an offender's right to interstate travel.   At least one other judge from the District of Nevada, Judge Kent J. Dawson, has ruled identically.  *See United States v. Morris*, 2:08-cr-229-KJD-PAL.

## CONCLUSION

IT IS HEREBY ORDERED that the Magistrate Judge's Report (#41) is AFFIRMED and ADOPTED and Burkey's Motion to Dismiss (#23) is DENIED.

Dated: June 8, 2009

Robert C. Jones
United States District Judge